﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/21 Archive Date: 02/26/21

DOCKET NO. 200401-75488
DATE: February 26, 2021

ORDER

Entitlement to a disability rating higher than 30 percent for service-connected adjustment disorder with anxiety prior to July 11, 2018 is denied.

FINDINGS OF FACT

1. The Department of Veterans Affairs (VA) received the Veteran’s intent to file a claim for compensation on August 9, 2016, and received his original claim of service connection for a psychiatric disorder within one year of receipt of his intent to file a claim.

2. In a February 2017 rating decision issued under the legacy system, the Agency of Original Jurisdiction (AOJ) granted service connection and a 10 percent rating for adjustment disorder with anxiety, effective August 9, 2016; the Veteran perfected an appeal under the legacy system as to the issue of entitlement to a higher initial rating. 

3. In March 2018, the Veteran opted into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a Rapid Appeals Modernization Program (RAMP) election form and selecting the higher-level review (HLR) lane. 

4. In an April 2018 RAMP HLR decision, the AOJ granted a higher 30 percent rating for the service-connected psychiatric disorder, effective August 9, 2016. 

5. The Veteran continuously pursued his higher rating appeal by timely filing for administrative review of AMA rating decisions.

6. The AOJ issued a RAMP supplemental claim decision in December 2019 that granted a higher 70 percent rating for service-connected adjustment disorder with anxiety, effective July 11, 2018.

7. During the period prior to July 11, 2018, the severity, frequency, and duration of the Veteran’s symptoms of adjustment disorder with anxiety did not more closely approximate occupational and social impairment with reduced reliability and productivity.

CONCLUSION OF LAW

During the period prior to July 11, 2018, the criteria for a disability rating in excess of 30 percent for adjustment disorder with anxiety have not been met. 38 U.S.C. §§ 1155, 5107, 5110; 38 C.F.R. §§ 3.2500, 4.1, 4.3, 4.7, 4.126, 4.130, Diagnostic Code 9440.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

In December 2019, the Veteran submitted a VA Form 20-0996, Decision Review Request: Higher-Level Review (HLR), requested review of a December 2019 rating decision that granted a higher 70 percent rating for service-connected adjustment disorder with anxiety, effective July 11, 2018, and contended that an earlier effective date was warranted for the higher rating. In March 2020, the AOJ issued the HLR decision on appeal, which considered the evidence of record at the time of the initial rating decision. Therefore, the Board may only consider the evidence of record at the time of the initial rating decision. 38 C.F.R. § 20.301.

In the April 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket.

1. Entitlement to an earlier effective date prior to July 11, 2018 for the award of a 70 percent rating for adjustment disorder with anxiety

The Veteran contends that a higher 70 percent disability rating for service-connected adjustment disorder with anxiety, associated with rectal outlet dysfunction with change in bowel habits, should be effective from August 9, 2016, the date of service connection for this disability. See December 2019 request for HLR and April 2020 notice of disagreement. In these documents, the Veteran's representative contended that the evidence of record, including private examinations from ASC Psychological Clinic, demonstrates that he met the criteria for a 70 percent rating for adjustment disorder with anxiety and specific phobia from the date of his August 9, 2016 intent to file a claim. Previously, the representative contended that a higher initial rating of 50 or 70 percent should be assigned for the service-connected psychiatric disorder. See February 2017 notice of disagreement.

In the April 2020 notice of disagreement, the Veteran's representative asserted that the issue on appeal is entitlement to an earlier effective date for a 70 percent rating for anxiety.

As discussed below, the Board finds that the Veteran timely and continuously pursued his appeal for a higher initial rating for adjustment disorder with anxiety since his August 2016 claim, and thus the issue on appeal is entitlement to a rating higher than 30 percent during the period prior to July 11, 2018.

Unless specifically provided otherwise, the effective date of an award based on an initial claim, or a supplemental claim, of compensation, dependency and indemnity compensation, or pension, shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor. 38 U.S.C. § 5110 (a)(1). For purposes of determining the effective date of an award under this section, the date of application shall be considered the date of the filing of the initial application for a benefit if the claim is continuously pursued by filing any of the following, either alone or in succession: a request for higher-level review, a supplemental claim, or a notice of disagreement on or before the date that is one year after the date on which the agency of original jurisdiction issues a decision. 38 U.S.C. § 5110 (a)(2); 38 C.F.R. § 3.2500 (c), (h).

Except as otherwise provided by other provisions of this part, including § 3.400, the effective date will be fixed in accordance with the date of receipt of the initial claim or date entitlement arose, whichever is later, if a claimant continuously pursues an issue by timely filing in succession any of the available review options as specified in paragraph (c) of this section within one year of the issuance of the decision. 38 C.F.R. § 3.2500 (h)(1). For supplemental claims received more than one year after the date on which the agency of original jurisdiction issues notice of a decision, the effective date will be fixed in accordance with the date entitlement arose, but will not be earlier than the date of receipt of the supplemental claim. 38 C.F.R. § 3.2500 (h)(2).

The effective date of an award of increased compensation shall be the earliest date as of which it is ascertainable that an increase in disability had occurred, if application is received within one year from such date. 38 U.S.C. § 5110 (b)(3); 38 C.F.R. § 3.400 (o).

A specific claim in the form prescribed by VA must be filed in order for benefits to be paid or furnished to any individual under the laws administered by VA. 38 U.S.C. § 5101 (a); 38 C.F.R. § 3.151 (a). In this case, on August 9, 2016, VA received the Veteran’s Intent to File a Claim for Compensation and/or Pension (VA Form 21-0966). On August 20, 2016, VA received his Application for Disability Compensation and Related Compensation Benefits (VA Form 21-526EZ), in which he claimed service connection for anxiety and depression secondary to service-connected disability. Since VA received a complete application form from the Veteran within one year of receipt of his VA Form 21-0966, VA considers that the complete claim was filed as of August 9, 2016 (the date of receipt of the VA Form 21-0966). 38 C.F.R. §§ 3.155 (b), 3.160.

In a February 2017 rating decision issued under the legacy system, the AOJ granted service connection and a 10 percent rating for adjustment disorder with anxiety, effective August 9, 2016. A notice of disagreement was received from the Veteran in February 2017 in which he appealed for a higher initial rating of 50 or 70 percent for adjustment disorder with anxiety. A statement of the case was issued in February 2018, and a VA Form 9 was received from the Veteran in February 2018.

In March 2018, the Veteran opted into the modernized review system, also known as the AMA, by submitting a RAMP election form and selecting the HLR lane with regard to the issue of entitlement to a higher initial rating for adjustment disorder with anxiety. The AOJ issued a RAMP HLR decision in April 2018, and granted a higher 30 percent rating for adjustment disorder with anxiety and specific phobia, effective August 9, 2016. 

A RAMP supplemental claim was received from the Veteran on August 11, 2018, in which the Veteran contended that an even higher rating was warranted for adjustment disorder with anxiety and specific phobia effective from the date of the 30 percent rating (i.e. August 9, 2016). The representative enclosed a July 11, 2018 report of a private psychological evaluation from ASC Psychological Clinic in which the examiners opined that the Veteran's psychiatric disorder met the criteria for a 70 percent rating. 

In December 2019, the AOJ issued a RAMP supplemental claim decision that granted a 70 percent rating for service-connected adjustment disorder with anxiety, effective July 11, 2018. In December 2019, the Veteran requested higher level review of the December 2019 rating decision. In March 2020, the AOJ issued the HLR decision on appeal. 

The Board finds that the Veteran timely and continuously pursued his appeal for a higher initial rating for adjustment disorder with anxiety since the August 9, 2016 claim. 38 C.F.R. § 3.2500 (c). Based on the above facts, the Board finds that the Veteran’s initial date of claim was preserved under the new AMA rules, and that the appeal period extends to August 9, 2016. 38 C.F.R. § 3.2500 (h)(1). However, as described above, the effective date of a rating must be the later of either (1) the date of claim; or (2) the date entitlement arose. 

The date “entitlement arose” is not defined in the current statute or regulation. The U.S. Court of Appeals for Veterans Claims (Court) has interpreted it as the date when the claimant met the requirements for the benefits sought; this is determined on a “facts found” basis. See 38 U.S.C. § 5110 (a); see also McGrath v. Gober, 14 Vet. App. 28, 35 (2000). 

Disability ratings are determined by the application of the Schedule for Rating Disabilities, which assigns ratings based on the average impairment of earning capacity resulting from a service-connected disability. 38 U.S.C. § 1155; 38 C.F.R. Part 4. Where there is a question as to which of two ratings will be applied, the higher rating will be assigned if the disability picture more closely approximates the criteria required for that rating. Otherwise, the lower rating is to be assigned. 38 C.F.R. § 4.7.

The Veteran's service-connected adjustment disorder with anxiety has been rated under Diagnostic Code 9440, pertaining to chronic adjustment disorder. 38 C.F.R. § 4.130. The AOJ has assigned staged ratings for this disorder.

Under the General Formula for Mental Disorders (General Formula), the Board must conduct a “holistic analysis” that considers all associated symptoms, regardless of whether they are listed as criteria. Bankhead v. Shulkin, 29 Vet. App. 10, 22 (2017); 38 C.F.R. § 4.130. The Board must determine whether unlisted symptoms are similar in severity, frequency, and duration to the listed symptoms associated with specific disability percentages. Then, the Board must determine whether the associated symptoms, both listed and unlisted, caused the level of impairment required for a higher disability rating. Vazquez-Claudio v. Shinseki, 713 F.3d 112, 114-118 (Fed. Cir. 2013). 

A 30 percent rating is assigned when symptoms such as depressed mood, anxiety, suspiciousness, panic attacks (weekly or less often), chronic sleep impairment, or mild memory loss (such as forgetting names, directions, or recent events), cause occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks (although generally functioning satisfactorily, with routine behavior, self-care, and normal conversation).

A 50 percent rating is assigned when symptoms such as flattened affect; circumstantial, circumlocutory, or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short and long-term memory (e.g., retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; or difficulty in establishing and maintaining effective work and social relationships cause occupational and social impairment with reduced reliability and productivity.

A 70 percent rating is assigned when symptoms such as suicidal ideation; obsessional rituals which interfere with routine activities; intermittently illogical, obscure, or irrelevant speech; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a worklike setting); or inability to establish and maintain effective relationships cause occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood.

The Veteran's service-connected psychiatric disorder, adjustment disorder with anxiety, associated with rectal outlet dysfunction with change in bowel habits, was first diagnosed on VA examination on December 8, 2016. VA and private medical records during the appeal period prior to July 11, 2018 do not reflect treatment for this disorder. 

The Board concludes that during the period prior to July 11, 2018, the Veteran’s symptoms did not cause the level of impairment required for a disability rating of 50 percent or higher. The Veteran’s symptoms more closely approximated the symptoms associated with a 30 percent rating, and resulted in a level of impairment that most closely approximated the level of impairment associated with a 30 percent rating.

In an August 2016 statement, the Veteran said that managing his irritable bowel syndrome (IBS) was having a psychological effect on his daily life. He reported panic attacks when he was stuck in traffic due to his fear of incontinence and said the panic attacks had gotten so bad that he asked his spouse to take over the driving. He did not report the frequency of the attacks. He stated that his daily routine to manage his IBS affected him and his family. (The Board notes that the Veteran is service-connected for rectal outlet dysfunction with change in bowel habits, not IBS.) In an August 2016 statement, the Veteran's spouse stated that if they got stuck in traffic, he became panicked and upset because of his IBS and had to breathe and think about other things; he did not travel to cities and avoided traffic and various other activities because of his unpredictable need for a toilet.

At the December 2016 VA examination, the examiner did not identify panic attacks as a symptom of the Veteran's adjustment disorder with anxiety, but indicated that the Veteran had increased anxiety because of IBS when he was stuck in traffic. The Veteran reported that he checked the traffic before he left home and avoided traveling long distances to visit family, and “everything revolves around my stomach.” 

A private psychological evaluation by G.V.K., Ph.D. and R.G.K., MA, LP, of ASC Psychological Clinic on July 26, 2017, reflects that the Veteran presented with symptoms of generalized anxiety, panic disorder, and IBS, and that “on more than one occasion” his anxiety about having the urge to have a bowel movement when traveling had developed into a panic attack. The private examiners diagnosed specific phobia, other, and opined that this disorder was manifested by anxiety and panic disorder, and obsessive routines around his IBS. They stated that all of the Veteran's daily routines were dictated by his IBS and a phobia about fecal incontinence.

During the period after July 11, 2018, in a private psychological evaluation on that date, Dr. K. and R.G.K. opined that the Veteran met the VA criteria for being at least 70 percent disabled due to his service-connected psychiatric disorder, and that he has occupational and social impairment with deficiencies in the area of work, family relations, judgment, thinking and mood, and had obsessional rituals which interfere with routine activities, fear and phobia which limit the ability to function independently, appropriately and effectively, difficulty in adapting to stressful circumstances, and has developed an inability to establish and maintain effective relationships.

The July 2019 VA examiner opined that the Veteran’s adjustment disorder with anxiety was manifested by occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks, although generally functioning satisfactorily, with normal routine behavior, self-care and conversation, which is consistent with a 30 percent rating. Symptoms from the service-connected psychiatric disorder included anxiety and panic attacks weekly or less often, irritability and chronic muscle tension.

The Board finds that during the rating period prior to July 11, 2018, the evidence, including the December 2016 VA mental disorders examination, the July 2017 private psychological evaluation, and lay statements by the Veteran and his spouse, shows that during the period prior to July 11, 2018, his adjustment disorder with anxiety was manifested by symptoms associated with a 30 percent rating (depressed mood, anxiety, and panic attacks weekly or less often), and symptoms associated with a 70 percent rating (obsessional rituals which interfere with routine activities). He also had symptoms that are not listed with a specific rating, such as nervousness and phobia about incontinence when not near a toilet.

The Board finds the severity, frequency, and duration of the Veteran’s unlisted symptoms more closely approximate the symptoms contemplated by a 30 percent rating, which are less severe, less frequent, and shorter in duration than those contemplated by a 50 percent rating or higher. See 38 C.F.R. § 4.126. The Veteran reported that these symptoms were not present daily, but would increase in severity if he was traveling or stuck in traffic. Further, nervousness and phobia are similar to anxiety and panic attacks weekly or less often, which are contemplated by the assigned 30 percent rating.

The Board also finds the level of impairment caused by the Veteran’s symptoms prior to July 11, 2018 more closely approximates the level associated with a 30 percent rating. The Veteran experienced occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks, but was generally functioning satisfactorily, with routine behavior, self-care, and normal conversation. The December 2016 VA examiner opined that the Veteran experienced occupational and social impairment due to mild or transient symptoms which decrease work efficiency and ability to perform occupational tasks only during periods of significant stress, or; symptoms controlled by medication, which is consistent with a 10 percent rating. The July 2017 private examiners opined that he met the VA criteria for being 70 to 80 percent disabled due to the combination of his IBS and phobic conditions, not due to his adjustment disorder with anxiety and specific phobia alone. 

Mental status examinations on VA and private examinations during this period showed appropriate grooming and hygiene, he was cooperative, there was no psychomotor agitation or retardation, speech was fluent and coherent with no pressure or latency, mood was euthymic, positive and stable, affect was appropriate, there were no delusions or hallucinations, thought flow was spontaneous, linear, logical, and goal directed. He denied depression, suicidal ideation and homicidal ideation. He was alert and oriented to all spheres, memory was intact, attention, judgment, insight, and impulse control were all good. He had no episodes of violence.

The December 2016 VA examination reflects that he described his marriage as great, and he lived with his wife for two to three years before their marriage in 2014. He earned his master’s degree in human resources in November 2016, worked full-time, and stated that work was going well. He had friends and enjoyed family trips with siblings and outdoor activities such as hiking and camping. In July 2017, the private examiners noted that the Veteran chose to live very close to his work so he did not have to drive in heavy traffic, due to his IBS and need for quick access to a toilet, and did not accept promotions because they would result in less immediate access to a bathroom. He and his spouse limited socializing because of his need to have a bathroom nearby, but did entertain at their home and attended neighborhood barbecues. The private examiners indicated that his anxiety and panic negatively affected his marriage because he was unsure if he could help to raise his child due to his IBS.

While the Veteran did experience a symptom contemplated by a 70 percent rating, namely obsessional rituals which interfere with routine activities, the evidence overall does not demonstrate the level of impairment associated with a 50 percent rating or higher during the period prior to July 11, 2018. Moreover, although the evidence reflects that the Veteran has occasional panic attacks due to his service-connected adjustment disorder with anxiety, the evidence does not show that they occurred more than once a week. As noted above, the Veteran’s other remaining symptoms were either contemplated by or more consistent with a 30 percent rating. 

In short, the preponderance of the evidence weighs against finding that the severity, frequency, and duration of the Veteran’s symptoms resulted in the level of impairment required for a 50 percent rating or higher during the period prior to July 11, 2018. The criteria for a 50 percent or higher rating prior to July 11, 2018 are not met and the appeal must be denied.

 

 

S. L. Kennedy

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. L. Wasser, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.